# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| CAROL PASELK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-cv-77 |
| | § | |
| BAYVIEW LOAN SERVICING, LLC et al. | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Carol Paselk initiated this civil action on February 23, 2016. This civil action was thereafter referred to United States Magistrate Judge John D. Love. On August 23, 2016, Judge Love issued a Report and Recommendation, recommending that the undersigned grant Defendants' Motion to Dismiss the Second Amended Complaint (Doc. No. 36), and deny Defendants' Motion To Dismiss the First Amended Complaint (Doc. No. 26) as moot. (Doc. No. 45.) Plaintiff has filed objections seeking reconsideration of the Magistrate Judge's Report and Recommendation. (Doc. No. 49.) In addition, Defendant Bayview Loan Servicing, LLC ("Bayview") filed an objection to the Magistrate Judge's recommendation that Bayview's request for a pre-filing injunction be denied. (Doc. No. 47.) The Court reviews the objected-to findings and recommendations of the Magistrate Judge de novo.

First, as to Plaintiff's objections, the primary objection raised by Plaintiff is that the Magistrate Judge improperly disposed of Plaintiff's right to a trial by jury. (Doc. No. 49 at 2.) Here, the Magistrate Judge recommended dismissal of certain of Plaintiff's claims for failure to

state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure provide such a mechanism for the dismissal of claims and Plaintiff has not stated any legitimate challenge to the rule. In addition, where the Magistrate Judge considered matters outside of the pleadings, he properly converted the consideration of those issues to Rule 56 review. Federal Rule of Civil Procedure 12(d) specifically provides for such consideration, and the Court finds the course of action taken by the Magistrate Judge proper where Defendants' res judicata and collateral estoppel defenses required consideration of, at a minimum, Plaintiff's prior complaint and the prior orders of the court.

Plaintiff also objects that Judge Love did not have jurisdiction to issue his Report and Recommendation and that it is therefore void. (Doc. No. 49 at 3.) Plaintiff's objection appears to be a challenge to the Magistrate Judge's authority and ability to issue a Report and Recommendation on the dismissal of claims. However, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), the Magistrate Judge is expressly authorized to set forth proposed findings of fact and recommendations as to the disposition of motions for failure to state a claim upon which relief can be granted and summary judgment. The statute provides for an objection period during which either side can raise objections that are presented to the Court for de novo review. 28 U.S.C. § 636(b)(1)(C). Here, the Magistrate Judge has provided those recommendations to the Court via his Report and Recommendation (Doc. No. 45) as he is authorized by statute to do. For these reasons, the Court finds Plaintiff's objections to be without merit and **OVERRULES** those objections.

As to Bayview's objections, Bayview objects to the Magistrate Judge's recommended denial of Bayview's request for a pre-filing injunction. (Doc. No. 47 at 1.) "In determining whether it should impose a pre-filing injunction ... a court must weigh all the relevant

circumstances, including the following four factors: '(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.'" *Qureshi v. United States*, 600 F.3d 523, 527 n.2 (5th Cir. 2010) (alteration in original) (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).

While the Magistrate Judge did not expressly consider each factor in his Report and Recommendation, he implicitly considered these factors in making his determination by considering the history between the parties, the merit of the claims asserted, and Plaintiff's interactions with the courts. Considering each of these factors, the Court does not find that a pre-filing injunction is warranted. As the Magistrate Judge explained, this is the second action between these parties in this District. (Doc. No. 45 at 2–3.) Given that Plaintiff is proceeding *pro se*, it is not unreasonable to believe that she did not understand that by filing another lawsuit her claims would be barred by the legal doctrines of collateral estoppel and res judicata. Indeed, this is only Plaintiff's first attempt to refile certain claims as to this party, and this is the first action in which she was notified that her claims are barred by those doctrines given the resolution of her previous suit. Similarly, while the Magistrate Judge noted the excessive filings of Plaintiff in this action, the Magistrate Judge also took action to manage those filings and streamline this action so that it was not unduly burdensome for the court or the parties to manage. *See* Doc. No. 45 at 13–14. Here, a speedy and efficient resolution dismissing these claims at the outset of the case was presented and warranted given the circumstances. For these

reasons, the Court agrees with the Magistrate Judge's recommendation that the request for the pre-filing injunction be denied.

Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, Defendants' Motion to Dismiss the Second Amended Complaint (Doc. No. 36) is **GRANTED** and Defendants' Motion to Dismiss the First Amended Complaint (Doc. No. 26) is **DENIED** as moot. It is further **ORDERED** that the complaint is hereby **DISMISSED WITH PREJUDICE** and that any motion not previously ruled on is **DENIED**.

**SIGNED this 14th day of November, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE